UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---

In re

MITCHELL EDWARD DEGROOF,

Debtor,

---

**MEMORANDUM & ORDER**

07- CV- 00525 (RRM)

MAUSKOPF, United States District Judge.

This appeal arises from a December 22, 2006 Memorandum of Decision and Order (the "Order") by United States Bankruptcy Judge Stan Bernstein, which reduced the amount of compensation sought by Robert L. Pryor, Esq. ("Pryor" or the "Trustee"), the Chapter 7 trustee of the Estate of Mitchell DeGroof, and Pryor's law firm, Pryor & Mandelup, L.L.P. ("P&M"), as attorneys for the Trustee (collectively "Appellants"). For the reasons below, the appeal is DENIED, and Judge Bernstein's reduction of Appellants' fee awards is affirmed.

## BACKGROUND

The Court assumes the Parties' familiarity with the underlying facts and procedural history of this appeal. For purposes of this Order, however, the following facts are relevant and are set forth as follows.

In 1998, DeGroof and his then-wife, Sherri DeGroof, purchased a home in Amagansett, New York. Although the 1998 fair-market value of the home was approximately $353,000, the DeGroofs purchased the home at a discount from Sherri DeGroof's mother for $175,000. Six months after that purchase, the couple divorced. In the divorce settlement, DeGroof agreed to transfer his interest in the property to his former wife in consideration for (a) $35,000 and (b) his wife's waiver of any claim for financial maintenance or support.

On February 9, 2004, DeGroof filed for bankruptcy protection under Chapter 7 of the United States Bankruptcy Code. A committee of his creditors concluded that disposing of his interest in the home for anything less than one-half of its fair-market value constituted a fraudulent conveyance that deprived the bankruptcy estate of valuable assets. Pryor and P&M filed an action against Sherri DeGroof, seeking title to the property for purposes of conducting a fair-market sale. In the alternative, the estate sought money damages from Sherri DeGroof on a theory of unjust enrichment. On August 29, 2005, the matter was settled for approximately $12,000

On October 4, 2006, the Trustee filed an application seeking commissions in the amount of $1,958.04. That same day, P&M filed a final application for compensation, seeking legal fees in the amount of $7,580.50 and expenses of $30.30. The total allowed priority claims of the estate were $1,816.85, owing to the New York State Department of Taxation and Finance, and the allowed unsecured claims were $8,099.37. A fee of $1,050.00 had been paid to Debtor's counsel, which the Trustee believed was appropriate. The Trustee's proposed distribution to creditors, after awarding the requested total of $9,718.84 in fees to the Trustee and his attorneys, were full payment of the priority tax claim, and a proposed distribution of the balance of the proceeds pro-rata at 3.6% to the general unsecured creditors.

Thereafter, on October 6, 2006, the United States Trustee filed a statement of no objection to the application of the Trustee or that of P&M (collectively the "Fee Applications"). On November 14, 2006, Judge Bernstein held a hearing on the Fee Applications during which he noted that, were he to grant Pryor and P&M the commissions and fees requested, the remainder of the recovery available for the benefit of DeGroof's creditors would amount only to

2

approximately $4,000.[1] This would, in Judge Bernstein's view, result in a disproportionate recovery in administrative expenses for Pryor and P&M. In support of the Fee Applications, P&M argued that it had worked diligently on the creditors' behalf, but that discovery revealed adverse facts that required lower recovery expectations. As such, P&M argued that $12,000 constituted a fair recovery for which neither it nor the Trustee should be penalized.

Notwithstanding those objections, Judge Bernstein found unacceptable a result by which 80% of the recovery would be paid to the Trustee and his counsel in the form of fees and administrative costs. Thus, by his Order, Judge Bernstein denied in part the Fee Applications, ordering a reduction in the allowable commissions and legal fees sought. Citing to a recent Eastern District decision, In re Stein, No. 04-cv-3196, 2005 U.S. Dist. LEXIS 30278 (E.D.N.Y. Mar. 25, 2005), affirming his decision to similarly reduce disproportionate fees in another case, Judge Bernstein concluded that a substantial reduction in commissions and fees was both permissible and warranted in this case in order to restore proportionality with distributions to the estate's creditors. On that basis, Judge Bernstein reduced the Trustee's commission to $1,000.00, and reduced P&M's fees to $2,500.00.

On December 26, 2007, Appellants filed the instant appeal. They contend that the Bankruptcy Court abused its discretion by utilizing an improper standard in determining the amount of commissions and legal fees to be awarded. Appellants contend that, pursuant to 11 U.S.C. § 330(a)(3)(C) ("Section 330"), the Bankruptcy Court may not reduce the amount of trustee commissions or reasonable attorneys' fees in order to ensure proportional distribution.

---

[1] This figure, cited in Judge Bernstein's Order, appears overly generous to Appellants. In fact, subtracting the fees and commissions sought from the $12,000 recovery amounts to only $2,500 for the creditors, and is consistent with Appellants application for fees and commissions totaling 80% of the total recovery.

3

## DISCUSSION

### Standards of Review

A. <u>Bankruptcy Court Appeals</u>

A district court hearing an appeal from a Bankruptcy Court reviews that court's findings of fact under the "clearly erroneous" standard, see Fed. R. Bankr. P. 8013, while its conclusions of law are reviewed under the <u>de novo</u> standard. <u>In re Vouzianas</u>, 259 F.3d 103, 107 (2d Cir. 2001); <u>In re Arochem Corp.</u>, 176 F.3d 610, 620 (2d Cir. 1999); <u>In re Bennett Funding Group, Inc.</u>, 146 F.3d 136, 138 (2d Cir. 1998). A finding is clearly erroneous when although there is evidence to support it, the reviewing court is left with the definite and firm conviction that a mistake has been committed." <u>In re JLM, Inc.</u>, 210 B.R. 19, 23 (2d Cir. BAP 1997) (quoting <u>Anderson v. City of Bessemer</u>, 470 U.S. 564, 573 (1985)). The issue is not whether this Court might have ruled differently if presented with the same evidence, but whether there is a reasonable basis in the record to support the bankruptcy judge's decision. <u>Id</u>. The law recognizes that the bankruptcy judge "'is on the front line, in the best position to gauge the ongoing interplay of factors and to make the delicate judgment calls which such a decision entails.'" <u>Tenzer Greenblatt, LLP v. Sliverman (In re Angelika Films 57th, Inc.)</u>, 246 B.R. 176, 178 (S.D.N.Y. 200) (quoting <u>In re Martin</u>, 817 F.2d 175, 182 (1st Cir. 1987)).

B. <u>Awarding Fees and Commissions</u>

Under Section 330 of Title 11 of the United States Code, a Bankruptcy Court "<u>may</u> award (a) reasonable compensation for actual, necessary services rendered by ... the trustee ... or [an] attorney, and by any paraprofessional persons employed by [such attorney], ..." and (b) "reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1) (emphasis added); <u>D.A. Elia Constr. Corp. v. Damon and Morey, LLP (In re D.A. Elia Constr. Corp.)</u>, No. 04-cv-975A,

4

2006 WL 1720361, at *4 (W.D.N.Y. June 19, 2006). Thus, the decision to award attorney's fees to the Trustee's counsel rests within the sole discretion of the Bankruptcy Court. This section also allows the court to sua sponte "award compensation that is less than the amount of compensation that is requested." 11 U.S.C. § 330(a)(2). If the Bankruptcy Court determines that attorney's fees are to be awarded, Section 330 "sets forth the criteria to be considered in determining the appropriate compensation for professional services rendered," as follows:

> (3) In determining the amount of reasonable compensation to be awarded ... the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including-
>
> (A) the time spent on such services;
>
> (B) the rates charged for such services;
>
> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>
> (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
>
> (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title. 11 U.S.C. § 330(a)(3).

In applying Section 330 to determine reasonable fee awards, "bankruptcy courts enjoy wide discretion ..., which discretion will not be disturbed by an appellate court absent a showing that it was abused." Bernheim v. Damon and Morey, LLP, No. 06-3386, 2007 WL 1858292, at *1 (2d Cir. June 28, 2007) (citing In re JLM, Inc., 210 B.R. 19, 23 (2d Cir. 1997)). The Bankruptcy Court abuses its discretion when "(1) the bankruptcy judge fails to apply the proper

5

legal standard or follows improper procedures in determining the fee award, or (2) bases an award on findings of fact that are clearly erroneous." Id. (internal citations omitted).

In addition, Section 326 of Title 11 of the Bankruptcy Code sets forth the maximum amount of fees a trustee can earn for his services. It states in pertinent part:

> In a case under Chapter 7 . . . , the court may allow reasonable compensation under section 330 of this title of the trustee for the trustee's services, payable after the trustee renders such services, not to exceed 25 percent of the first $5,000 or less, 10 percent on any amount in excess of $5,000 but not in excess of $50,000 . . . upon all moneys disbursed or turned over in the case by the trustee to parties in interest, excluding the debtor, but including holders of secured claims.

11 U.S.C. § 326(a). Again, such an award is entirely within the discretion of the Bankruptcy Court and will not be disturbed absent an abuse of that discretion. In re Stein, 2005 U.S. Dist LEXIS 30278.

## The Instant Appeal

As the court announced in SEC v. Goren, 272 F. Supp. 2d 202, 206 (E.D.N.Y. 2003), "courts must scrutinize fee applications to ensure that they are reasonable. Furthermore, courts must exercise discretion to avoid even the appearance of a windfall ... [thus] fees awarded ... may not exceed what is reasonable under the circumstances." See also In re Stein, 2005 U.S. Dist. LEXIS 30278 at *11. Although Appellants contend that Judge Bernstein misapplied the law, this Court disagrees. "Disallowance of compensation ... lies within the discretion of the presiding bankruptcy judge." D.A. Elia Constr. Corp., 2006 WL 1720361 at *9. As such, Section 330(a)(2) allows the court to sua sponte "award compensation that is less than the amount of compensation that is requested." In re Mennella, No. 07-CV-01907(ADS), 2008 WL 222557, at *4 (E.D.N.Y. Jan. 24, 2008).

In properly applying Section 330, the Bankruptcy Court's discretion to reduce fees may be predicated upon a host of factors, including a perceived disproportionality between such fees and the monetary distribution available to creditors. In this regard, the reduction of fees on grounds of "due proportionality" has consistently been upheld. See, e.g., In re Stein, supra; In re Mennella, 2008 WL 222557 at *3-6.

In Stein, the trustee's attorney recovered $40,000 for the estate, but exclusive of fees and costs the total distribution to creditors would have been no more than $5,250. In re Stein, 2005 U.S. Dist. LEXIS 30278 at *5. Considering this a disproportionate result, Judge Bernstein applied a "due proportionality" analysis to assess the amount of reasonable compensation, rather than the conventional lodestar approach. On that basis, he allowed counsel a maximum of 40% of the $40,000 recovered, resulting in a $16,000 fee and a substantially greater (and more proportionate) distribution to creditors. Id. On appeal, Judge Bernstein's reduction of fees on the basis of "due proportionality" was affirmed. Id. at *20-21. In reviewing that appeal, the district court found that:

> [t]he Court's review of the relevant statute and case law indicates that the "due proportionality" analysis utilized by Judge Bernstein is somewhat rare and is often applied in cases in which a trustee and/or his or her counsel engaged in unnecessary or imprudent conduct causing excess fees. However, the Court finds that the application of the "due proportionality" analysis is reasonable in this situation where a substantial portion of the sum recovered by the Trustee would be disbursed to the Trustee's attorney rather than the creditors of the estate. In reaching this conclusion, the Court is not only guided by the Bankruptcy Code, but by common sense and prudence.

Id. at *11.

Judge Bernstein's use of a "due proportionality" analysis to reduce requested fees was again upheld in In re Mennella, 2008 WL 222557 at *3-6. There, on nearly identical facts as

7

presented here, the district court again affirmed Judge Bernstein's decision to reduce allowable fees. As here, Mennella also involved a fraudulent conveyance action to recover proceeds of a home sale in the context of contentious divorce settlement. Although net proceeds from the sale exceeded $300,000, the debtor's share was promptly conveyed to the debtor's spouse and in-laws in satisfaction of outstanding loans and other obligations. In subsequent bankruptcy proceedings, counsel for the estate claimed fraudulent conveyance. Although expectations for recovery initially were high, the estate settled the matter for the relatively small sum of $30,000. In seeking their substantial fees, counsel argued, as here, that during the course of the litigation adverse facts were discovered that greatly reduced recovery expectations. The court agreed that counsel had worked diligently, but nonetheless found that the fee requests, which totaled $25,000, were grossly disproportionate to the modest recovery. Thus, as he had done previously in Stein, Judge Bernstein again reduced allowable attorney's fees from $20,000 to $12,000. That decision, as it had been in Stein, was affirmed on appeal. In re Mennella, 2007 WL 222557 at *3-6.

This Court is persuaded by the sound reasoning of the courts in this District in both Stein and Mennella, the material facts of which do not differ from those here, and finds that Judge Bernstein's reduction of fees was neither an abuse of discretion nor a misapplication of relevant law. Rather, as is clear from the record, Judge Bernstein obtained and considered written submissions on the issue, held a full hearing, and rendered a fair and reasonable decision as to the fee awards granted to Appellants. As Judge Bernstein determined, the relevant Fee Applications would, if granted, exhaust 80% of the $12,000 recovered for the estate. Compare In re Stein, 2005 U.S. Dist. LEXIS at *11. This, Judge Bernstein found, was inappropriate, particularly in light of his finding, properly made, that the matter presented nothing more than a

"garden-variety adversary proceeding." (Order 4.) That Judge Bernstein opined regarding his view of the likelihood of success had the Appellants fully litigated rather than settled the fraudulent conveyance action does not negate the simple fact that Appellants' request for fees and compensation, if granted, would completely dwarf the total recovery available for the creditors.[2] Moreover, the Court properly found that the inability of the Trustee and his counsel to recover anything more than a $12,000 settlement "from the sale of a residence in one of Long Island's most expensive communities," simply did not justify an award of attorneys' fees totaling almost 80% of the proceeds from that sale.[3]

On these common sense points, which relate specifically to the factors that must be considered pursuant to Section 330, Judge Bernstein's reasoning is clear:

> Regardless of what method is used to calculate the fee, the fee may not exceed what is reasonable under the totality of the facts and circumstances. This Court cannot conclude that it is reasonable under the circumstances to allow more than 50% of the proceeds of any settlement of a garden-variety adversary proceeding to be paid in the trustee's attorney's fees. That simply violates and concept of proportionality in determining reasonable compensation. If all that a trustee can generate is a distribution to priority and unsecured creditors of $4,000 in a $12,000 estate, this Court will not allow as reasonable compensation anything more than 35 to 40 percent in trustee's attorney's fees, which in this case would be a maximum of $4,800. However, in this case that amount hardly seems warranted given the trustee's arguments at the final hearing on the trustee's commission and his firm's attorneys fees. Under the circumstances, this Court will allow $2,400 in counsel fees and all of the requested expenses.

---

[2] Indeed, in analyzing the legal merits of the case, Judge Bernstein found no basis to support counsel's contentions that the fraudulent conveyance action would have failed, or that the non-debtor spouse would have been awarded 90% of the proceeds of the home sale. (Order 4.) To the contrary, Judge Bernstein's Order documents his belief, as the presiding judge, that a summary judgment motion in favor of the Estate had a 75% to 80% chance of success on the merits, and would therefore have likely resulted in a recovery far exceeding the $12,000 settlement actually realized. (Id.) However, in rendering his decision, Judge Bernstein put aside this analysis, and relied exclusively on his proportionality analysis in fixing the attorney's fees and compensation. (Order 3.)

[3] Appellants argue that in relying on this finding, Judge Bernstein improperly revisited the settlement in the fraudulent conveyance action, a settlement which he approved. See Appellants' Brief at pp. 17-20. This Court disagrees. Under Section 330, in assessing the award of attorney's fees, a bankruptcy court may properly consider "the nature, the extent and the value of such services" to the estate and its creditors. 11 U.S.C. 330(a)(3)(A).

9

(Order 4.) In light of the reasons articulated by Judge Bernstein and to avoid even the appearance of a windfall, see SEC v. Goren, supra, this Court finds that Judge Bernstein did not abuse his discretion in granting a reduced, proportional award of attorneys fees given the lack of complexity of the matter, the nature of the work done and the limited recovery achieved.

Similarly, Judge Bernstein's award of compensation to the Trustee was not an abuse of discretion. As Judge Bernstein properly found, the Trustee's minimal duties in this case consisted of presiding at a creditors meeting and issuing four checks to the priority and general unsecured creditors, which, he determined, did not justify the approximately $1900 sought in fees. (Order 4-5.) Indeed, the Trustee in this case sought the maximum compensation allowed by law pursuant to the formula set forth in Section 326 of Title 11. This formula is not a mandate for minimum commissions, and Section 326 is implicated only when the compensation is reasonable under Section 330. See In re Stein, 2005 U.S. Dist. LEXIS 30278 at *14. As such, Judge Bernstein properly found that given the nature and the extent of "the putative costs in presiding over the meeting of creditors and making the final and simple distribution," the compensation request was unreasonable. (Order 4.) Thus, he properly exercised his discretion to reduce the Trustee's fee award to $1000, which, he found, would more than compensate the Trustee for his minimal duties in administering the estate.

In reducing fees on the basis of proportionality, Judge Bernstein's decision is precisely in keeping with fee award methods expressly approved of in this District. For the reasons above, such fee reduction methods are valid given the broad discretion accorded the Bankruptcy Court by statute, and were reasonably and properly applied in this case. As such, the appeal is denied and the Bankruptcy Court's fee award is affirmed.

## CONCLUSION

Based on the foregoing, it is hereby Ordered, that appeal is DENIED and the Bankruptcy Court's fee award is AFFIRMED. The Clerk's Office is directed to close this case.

SO ORDERED.

Dated: September 29, 2008
      Brooklyn, New York

_____
ROSLYNN R. MAUSKOPF
United States District Judge